HIGHWAY DEPARTMENT — RESPONSIBILITIES AFTER NATURAL DISASTER In the event of a natural disaster within the context of 63 O.S. 683.1 [63-683.1], et seq. (1971), the Oklahoma Department of Highways, acting under an Emergency Resources Management Plan prepared by the Oklahoma Emergency Resources Planning Committee, and adopted by the Governor, which sets forth the organizational structure of state resources and requires responsibilities of the State Highway Department, can render local assistance in removing debris from roads, streets or highways not a part of the State Highway System and from private property, if such local assistance is necessary in carrying out emergency functions and related to the public peace, health, and safety, and the preservation of lives and property of the people of this State. Under the provisions of 63 O.S. 683.9 [63-683.9] (1971), such emergency proclamation may be made by the Governor or by concurrent resolution of the Legislature. It is a general rule that a state officer, agent, board, commission, or political subdivision exercising a governmental function is not, in the absence of constitutional or statutory provision therefor, officially liable for his or its torts. However, it is appropriate to consult private counsel for advice on any particular factual situation involving a question of possible personal liability. Title 63 O.S. 683.13 [63-683.13](a) (1971) provides for the allowance of employees to receive workmen's compensation and other benefits if such employees are otherwise covered, but is not a grant to those not previously covered. The Attorney General is in receipt of your opinion request wherein you ask several questions involving the scope and responsibility of the Department of Highways after a natural disaster. You then ask the following: "1. In the event of tornado or other severe damage accompanying a natural disaster, is the Highway Department authorized by law to render local assistance in removing debris from roads, streets or highways not a part of the State Highway System and from private property? "2. Is it necessary for an official proclamation of an emergency or disaster to precede such local assistance; and, if so, what authorities are required to make such a proclamation and how should it be made? "3. If the Highway Department is authorized to perform such local assistance, please advise as to the extent of risk of personal liability assumed by Highway Department officers and employees who participate. "4. If the Highway Department is authorized to perform such local assistance, are the officers and employees of the Department covered by Workmen's Compensation Insurance while engaged in debris removal and related activities? "5. To what extent are these matters covered by 63 O.S. 683.1 [63-683.1], et seq. (1971)?" In response to your first question, the Oklahoma Highway Code was enacted by Laws 1968, Ch. 415 and became operative July 1, 1968, 69 O.S. 101 [69-101] (1971). Specifically, 69 O.S. 101 [69-101] expresses the intent of the Legislature and provides materially at subparagraph (d) as follows: "In designating the highway systems of this State, as hereinafter provided, the Legislature places a high degree of trust in the hands of those officials whose duty it shall be, within the limits of available funds, to plan, develop, operate, maintain and protect the highway facilities of this State, for present as well as for future use." Subparagraph (e) provides: "To this end, it is the intent of the Legislature to make the State Highway Commission and its Director, and the Department of Highways of the State of Oklahoma acting through the Commission, custodian of the State Highway System and to provide sufficiently broad authority to enable the Commission and the Department to function adequately and efficiently in all areas of appropriate jurisdiction, subject to the limitations of the Constitution and the legislative mandate hereinafter imposed." Subparagraph (h) provides further: "While it is necessary to fix responsibilities for the location, design, construction, maintenance and operation of the several systems of highways, it is intended that the State of Oklahoma shall have an integrated system of all roads, highways and streets to provide safe and efficient highway transportation throughout the State. The authority hereinafter granted to the Commission and to counties and municipalities to assist and cooperate with each other and to coordinate their activities is therefore essential." Thus, it is clear from a plain reading of the above provisions that the intent of the Legislature in enacting the Oklahoma Highway Code was to make the State Highway Commission and its Director the custodian of the State Highway System and fixed primary responsibilities of location, design, construction, maintenance and operation of the several systems of highways. Title 69 O.S. 101 [69-101] (1971), does not specifically contemplate your question and, therefore, it is necessary to construe the provisions of 63 O.S. 683.1 [63-683.1], et seq. (1971), relating to civil defense and disaster relief. Title 63 O.S. 683.5 [63-683.5] (1971), provides for the creation of a resources management agency within the executive branch of the state government. The agency has authority to prepare an "Emergency Resources Management Plan" which sets forth the organizational structure, administration and function for the emergency management by state government of essential resources and economic stabilization within the State. 63 O.S. 683.8 [63-683.8](b) gives the Governor of the State control of the emergency resources management within the State and all officers, boards, agencies, individual or groups established under the Emergency Resources Plan. Thus, under the Plan the Governor may utilize State resources that are essential and necessary for carrying out the objectives of the Plan. Therefore, in response to your question, the State Highway De partment acting under an Emergency Resources Management Plan prepared by the Oklahoma Emergency Resources Planning Committee and adopted by the Governor, which sets forth the organizational structure of State resources and requires responsibilities of the State Highway Department, can render local assistance in removing debris from roads, streets or highways not a part of the State Highway System and from private property, if such local assistance is necessary in carrying out emergency functions and related to the public peace, health, and safety, and the preservation of lives and property of the people of this State. Your second question is answered by the provisions of 63 O.S. 683.9 [63-683.9] (1971), which provides that the existence of a civil defense emergency may be proclaimed by the Governor or by concurrent resolution of the Legislature if the Governor in such proclamation, or the Legislature in such resolution, finds that an attack upon the United States has occurred or is anticipated. As to your third question, we would first point out the general rule as stated in 81 C.J.S., States, 131: "Generally, a state officer, agent, board, commission, or political subdivision exercising a governmental function is not, in the absence of constitutional or statutory provision therefor, officially liable for his or its torts." However, it would be appropriate to consult private counsel for advice on any particular factual situation involving a question of possible personal liability. As to your fourth question, 63 O.S. 683.13 [63-683.13](a) (1971), provides as follows: "All functions hereunder and all other activities relating to civil defense and the emergency management of resources are hereby declared to be governmental functions. The provisions of this Section shall not affect the right of any person to receive benefits to which he would otherwise be entitled under this Act, or under the Workmen's Compensation Law, or under any pension law, nor the right of any such person to receive any benefits or compensation under any Act of Congress. Any municipal fireman or policeman engaged in any civil defense activities, while complying with or attempting to comply with this Act or any rule or regulation pursuant thereto, shall be considered as serving in his regular line of duty and shall be entitled to all benefits of any applicable pension fund." Thus, while it is clear that activities performed related to civil defense and the emergency management resources are declared governmental in nature and persons otherwise entitled under the Workmen's Compensation Law to receive benefits are not affected under this provision, there is no grant of authority to persons not otherwise covered. Your question No. 5 is rendered moot by response to your previous questions. It is, therefore, the opinion of the Attorney General that your first question is answered as follows: In the event of a natural disaster within the context of 63 O.S. 683.1 [63-683.1], et seq. (1971), the Oklahoma Department of Highways, acting under an Emergency Resources Management Plan prepared by the Oklahoma Emergency Resources Planning Committee, and adopted by the Governor, which sets forth the organizational structure of state resources and requires responsibilities of the State Highway Department, can render local assistance in removing debris from roads, streets or highways not a part of the State Highway System and from private property, if such local assistance is necessary in carrying out emergency functions and related to the public peace, health, and safety, and the preservation of lives and property of the people of this State. Your second question is answered in the affirmative and is governed by the provisions of 63 O.S. 683.9 [63-683.9] (1971), and requires that such emergency proclamation may be made by the Governor or by concurrent resolution of the Legislature. As to your third question, it is a general rule that a state officer, agent, board, commission, or political subdivision exercising a governmental function is not, in the absence of constitutional or statutory provision therefor, officially liable for his or its torts. However, it is appropriate to consult private counsel for advice on any particular factual situation involving a question of possible personal liability. Your fourth question is governed by the provisions of 63 O.S. 683.13 [63-683.13](a) (1971), and provides for the allowance of employees to receive workmen's compensation and other benefits if such employees are otherwise covered, but is not a grant to those not previously covered. Your fifth question is rendered moot by response to previous questions. (NATHAN J. GIGGER) (ksg)